Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MILLENNIUN TGA, INC., | No. 11-CV-03080 MCE-KJN |
| Plaintiff, | |
| v. | **PLAINTIFF'S AMENDED *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY TO IDENTIFY JOHN DOE** |
| JOHN DOE, | |
| Defendant. | |

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 5

LEGAL STANDARD ............................................................................................................. 5

ARGUMENT .......................................................................................................................... 7

   I. PLAINTIFF HAS GOOD CAUSE FOR TAKING DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE BECAUSE IT NEEDS TO LEARN THE TRUE IDENTITY OF THE INFRINGER ....................................................................................... 7

   II. PLAINTIFF'S PROPOSED SUBPOENA IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF THE INFRINGER'S IDENTITY AND MINIMIZE THE BURDEN PLACED ON THE ACCOUNT HOLDER .............................. 11

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F. Supp. 2d 1040 (N.D. Cal. 2011) ...................... 6, 7

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ............................................................................................ 10

*Carnegie Mellon University v. Marvell Technology Group*, No. C11-80078, 2011 WL
    2135103 (N.D. Cal. May 27, 2011) ................................................................................................ 7

*Columbia Ins. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999) ...................................................... 8

*Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992) .................................................................................. 8

*Diabolic Video Productions, Inc. v. Does 1–2099*, No. 5:10-cv-05865-PSG, 2011 WL
    3100404 (N.D. Cal. May 31, 2011) ................................................................................................ 9

*Donald v. Cook Cnty. Sheriff's Dept.*, 95 F.3d 548 (7th Cir. 1996) ...................................................... 8

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) ....................................................................... 7, 8, 9

*Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978) .................................................................................. 8

*Hard Drive Productions, Inc. v. Does 1–188,* 3:11-cv-01566 JCS (N.D. Cal. 2011) ......................... 11

*IO Group, Inc. v. Does 1–65*, No. C 10–4377 SC, 2010 WL 4055667 (N.D. Cal. Oct. 15,
    2010) ................................................................................................................................................ 7

*Maclin v. Paulson*, 627 F.2d 83 (7th Cir. 1980) .................................................................................... 8

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978) ................................................................... 7

*Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979) ...................................................................................... 8

*Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) .............................. 6

*United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) ....................... 12

*United States v. Procter & Gamble*, 356 U.S. 677 (1958) .................................................................... 8

*Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999) .................................................................. 8, 9

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................................. 12

Fed. R. Civ. P. 16 ................................................................................................................................... 6

Fed. R. Civ. P. 26 .............................................................................................................................. 6, 12

Fed. R. Civ. P. 45 ............................................................................................................. 7, 11, 12

Fed. R. Evid. 401 ........................................................................................................................ 6

**INTRODUCTION**

Plaintiff Millennium TGA, Inc., respectfully requests this Court to authorize service of a deposition subpoena on Joe Vasquez—the account holder of Internet Protocol ("IP") address 71.246.59.242 (the "Account Holder"). This subpoena would assist Plaintiff in determining the identity of the anonymous copyright infringer in this case.

The additional information Plaintiff seeks is most commonly ascertained via an informal meet and confer with the account holder. In some cases, the account holder is able to offer a credible explanation for why he/she is not the infringer and in certain cases is even able to identify the likely infringer. For example, a landlord may have a tenant who was known to have been engaged in infringing activity. In other cases, the account holder has no credible exonerating excuse, admits to the infringement, and settles with the Plaintiff. In a final category of cases, an account holder actively evades all of Plaintiff's attempts to meet and confer. When an account holder actively evades all of Plaintiff's attempts to meet and confer, Plaintiff is left with no choice but to move the Court for a deposition subpoena.

This case presents the third scenario. Here, Mr. Vasquez has actively evaded all attempts of counsel to meet and confer. At this point, Mr. Vasquez is the only individual with information that can allow Plaintiff to identify the true infringer and permit service of process on that individual. The Court should grant this motion because Plaintiff cannot proceed in this action without ascertaining the likely infringer's identity and because Plaintiff's deposition is reasonably calculated to reveal the infringer's identity.

Plaintiff hereby moves the Court *ex parte* for an Order granting Plaintiff leave to serve a deposition subpoena on the Account Holder. In light of the Account Holder's refusal to meet and confer with Plaintiff (*see* Exhibit A, Decl. of Brett L. Gibbs, ¶¶ 2-8.), Plaintiff's case for copyright infringement cannot proceed without this subpoena.

**LEGAL STANDARD**

The legal standard for Plaintiff's motion is governed by: (1) this Court's broad authority to manage the discovery process under Fed. R. Civ. P. 26(f); (2) the procedural limitations placed on

both *ex parte* and regular discovery by the Federal Rules of Civil Procedure; and (3) the procedural requirements under Fed. R. Civ. P. 45 for compelling the appearance of a non-party for purposes of taking the non-party's deposition, obtaining production of the non-party's documents and electronic information, and permitting inspection of the non-party's premises.

First, the Court has broad authority under the Federal Rules of Civil Procedure to manage the discovery process. *See, e.g.*, Fed. R. Civ. P. 26(d); *id.* 16(b)(3)(B); *id.* 16(c)(2)(F). Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred when authorized by a court order. *Id.* 26(d)(1). Courts within the Ninth Circuit generally use the "good cause" standard to determine when discovery prior to a Rule 26(f) conference should be permitted. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (citing *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Under the "good cause" standard, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

Second, the scope and limitations are the same for the *ex parte* discovery as they are for the regular discovery and are set forth by the Federal Rules of Civil Procedure and Evidence. In relevant part, Fed. R. Civ. P. 26(b)(1) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Rule 26(b)(1) further provides that "the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Relevant evidence is defined under Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevancy to a subject matter is further interpreted "broadly to encompass

any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Finally, subject to the standards described above, Fed. R. Civ. P. 45 sets forth the procedure for compelling the appearance of a non-party for purposes of taking the non-party's deposition. Fed. R. Civ. P. 45; *see also Carnegie Mellon University v. Marvell Technology Group*, No. C11-80078, 2011 WL 2135103, at *1 (N.D. Cal. May 27, 2011) (discussing scope of discovery of the Rule 45 subpoena).

## ARGUMENT

The Court should grant Plaintiff's request for limited *ex parte* discovery and authorize Plaintiff to serve a deposition subpoena on the Account Holder because Plaintiff has a demonstrable need to ascertain the identifying facts necessary to permit service on the infringer. Plaintiff's subpoena is clearly reasonably calculated to lead to the discovery of that information, and narrowly tailored to be the least intrusive to him. This process will be carried out in a manner that avoids placing undue burden or expense on the Account Holder. In deposing the Account Holder, Plaintiff will pay the Account Holder both the attendance fees and mileage costs required under Fed. R. Civ. P. 45(b)(1), and will hold the deposition within 100 miles of his residence, employment, or the place where he regularly transacts business in person under Fed. R. Civ. P. 45(c)(3)(ii).

### I. PLAINTIFF HAS GOOD CAUSE FOR TAKING DISCOVERY PRIOR TO THE RULE 26(F) CONFERENCE BECAUSE IT NEEDS TO LEARN THE TRUE IDENTITY OF THE INFRINGER

Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery prior to a Rule 26(f) conference. *See, e.g.*, *Apple Inc.*, 768 F. Supp. 2d 1040 at 1044; *IO Group, Inc. v. Does 1–65*, No. C 10–4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identities of defendants are not known before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In evaluating whether a plaintiff has good cause to learn the identity of an unknown defendant through early

1   discovery, courts examine whether plaintiff: (1) has identified the Doe defendants with sufficient
2   specificity that the court can determine that the defendants are real people who can be sued in federal
3   court; (2) has recounted the steps it has taken to locate and identify the defendant; and (3) has
4   demonstrated that the action can withstand a motion to dismiss. *Columbia Ins. v. Seescandy.com*,
5   185 F.R.D. 573, 578–80 (N.D. Cal. 1999).

6         Additionally, courts in the Ninth Circuit have generally recognized a duty on their part to
7   assist plaintiffs in their quest for defendant's true identities. *See, e.g.*, *Wakefield v. Thompson*, 177
8   F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity
9   could be ascertained through discovery) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.
10  1980) ("[W]here the identity of the alleged defendants [is] not [ ] known prior to the filing of a
11  complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown
12  defendants.")). In fact, federal courts across the country routinely and virtually universally allow *ex
13  parte* discovery to identify unknown defendants. *See, e.g.*, *Donald v. Cook Cnty. Sheriff's Dept.*, 95
14  F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities
15  of the unnamed defendants, the court must assist the plaintiff in conducting the necessary
16  investigation."); *see also id.* at 555 n.3 (collecting cases); *Dean v. Barber*, 951 F.2d 1210, 1215
17  (11th Cir. 1992) (finding error in district court's denial of a plaintiff's motion to join an unknown
18  defendant where identity of the defendant could have been determined through discovery); *Maclin v.
19  Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (reversing and remanding because when "a party is
20  ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity
21  through limited discovery") (citing *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979); *Gordon v.
22  Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978)). This is because the very purpose of discovery is to
23  make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts
24  disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S.
25  677, 683 (1958).
26  ///
27  ///
28

### A. Plaintiff Has Identified John Doe with Sufficient Specificity that the Court Can Determine that the Defendant is a Real Person Who can be Sued in Federal Court

Plaintiff has already ascertained the IP address used to commit the copyright infringement—71.246.59.242—and the account holder associated with that IP address—Mr. Vasquez. (Decl. of Brett L. Gibbs, ¶ 3.) There is no doubt that someone infringed on Plaintiff's copyrighted work through the IP address associated with the Account Holder. However, instead of blindly naming the Account Holder as a defendant based solely on the fact that he is the IP address account holder, Plaintiff seeks discovery to determine who committed the alleged infringement. (Decl. of Brett L. Gibbs, ¶ 10.) This Court should follow the well-established precedent of the Ninth Circuit and allow Plaintiff to take its limited discovery aimed at establishing the true identity of an unknown defendant. *See Wakefield*, 177 F.3d at 1163; *Gillespie*, 629 F.2d at 642.

### B. Plaintiff Has Exhausted All Other Means of Discovery to Identify John Doe

Second, Plaintiff has exhausted all other discovery options in attempting to identify the infringer. Plaintiff issued a subpoena to Mr. Vasquez's Internet Service Provider ("ISP") to determine the account holder of the IP address associated with the copyright infringement. Once Plaintiff learned the identity of Mr. Vasquez, Plaintiff attempted to contact him regarding this matter to further determine the identity of the infringer. (Decl. of Brett L. Gibbs, ¶¶ 4-6, 8.) While this process is often sufficient to determine the identity of the unknown infringers, Mr. Vasquez merely ignored all of Plaintiff's counsel's attempts to meet and confer on this very issue. (*Id.* ¶ 6.) As one magistrate judge in the Northern District of California has noted, "the relationship between accused activity linked to an IP address and subscriber information associated with that IP address is imperfect at best." *Diabolic Video Productions, Inc. v. Does 1–2099*, No. 5:10-cv-05865-PSG, 2011 WL 3100404, at 5 (N.D. Cal. May 31, 2011) (quoting *VPR Internationale v. Does* 1–1017, No. 2:11-cv-02068-HAB-DGB, at 2 (C.D. Ill. Apr. 29, 2011), ECF No. 15). Accordingly, Plaintiff must conduct additional limited *ex parte* discovery to determine who should be named as the defendant in this case. Without this discovery from the Account Holder, Plaintiff cannot be certain if the Account Holder is the defendant who should be named and served with process, or merely a sole material

witness in possession and control of relevant information that is necessary to prove Plaintiff's claim of copyright infringement. (Decl. of Brett L. Gibbs, ¶¶ 10-11.) Moreover, the information that Plaintiff seeks from the Account Holder is not duplicative or available from any other source at this time. (*Id.*) Discovery from the Account Holder is the only way Plaintiff may be able to discover the true identity of the person who has infringed its copyrights. (*Id.*)

### C. This Action Can Withstand a Motion to Dismiss

Third, Plaintiff has alleged sufficient information in its complaint and accompanying documents to survive a motion to dismiss. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff has alleged that it owns the copyrighted work at issue in this case (Compl. ¶¶ 4, 19–21), that the copyright to this work has been violated (*id*. ¶¶ 23-28), and that the IP address of the Account Holder, as identified by his ISP, was observed to have been utilized in unauthorized distribution of this copyrighted work. (*Id*. ¶¶ 22–24 & Ex. A.) Taken as true—as required on a motion to dismiss—these allegations are sufficient to establish a *prima facie* case of copyright infringement.

Because an unknown defendant associated with an IP address is a real person who can be sued in federal court, because Plaintiff has exhausted all other possible avenues of discovery, and because Plaintiff's suit can withstand a motion to dismiss, Plaintiff has demonstrated "good cause" for expedited discovery. This Court should therefore grant Plaintiff's request to take limited *ex parte* discovery to learn the identity of the actual infringer in this case. Issuing a Rule 45 subpoena directed at the Account Holder is the next logical and proper step in this litigation because deposing the Account Holder is reasonably calculated to discover the true identity of the infringer.

## II. PLAINTIFF'S PROPOSED SUBPOENA IS REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF THE INFRINGER'S IDENTITY AND MINIMIZE THE BURDEN PLACED ON THE ACCOUNT HOLDER

Plaintiff merely seeks to depose the Account Holder. This request is reasonable under the circumstances because the deposition is the most effective and efficient method of ascertaining the information Plaintiff seeks and the burden on the deponent, the Account Holder, is minimal. In the interests of judicial economy, Plaintiff asks this Court to authorize subpoenas for this single, straightforward, un-intrusive discovery device.

Plaintiff seeks to depose the Account Holder because this is an obvious and cost-effective path to learn the identity of the infringer from the Account Holder or, at the very least, relevant information that may lead to the eventual discovery of the infringer's identity. (Decl. of Brett L. Gibbs, ¶¶ 10-11.) During the deposition, Plaintiff intends to elicit facts about the Account Holder's involvement, if any, with the unauthorized distribution of Plaintiff's video(s) via the Account Holder's IP address; to learn about the Account Holder's computers and network setup; to assess the Account Holder's technical savvy; and to identify any other persons who had access to the Account Holder's computer and network. (*Id.*)

Such depositions have been productive for copyright holder plaintiffs in similar cases. *See, e.g.*, *Hard Drive Productions, Inc. v. Does 1–188,* 3:11-cv-01566 JCS, (N.D. Cal. 2011). In *Hard Drive Productions*, for instance, the magistrate judge authorized a deposition subpoena. *Id.,* ECF No. 33. Plaintiff scheduled a deposition, the deponent appeared, and, after his deposition was taken, both parties agreed to a mutually beneficial settlement of the claims in that case. *Id.*, ECF No. 34. The deposition allowed the parties to avoid burdening the courts and themselves with unnecessary litigation. While there is no guarantee that such a result will take place here, at the very least, an order granting this motion will contribute towards moving this case towards a resolution.

Plaintiff has a duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to its subpoena. Fed. R. Civ. P. 45(c)(1). The subpoena process that Plaintiff proposes here fully complies with this duty because it seeks limited discovery in the least disruptive manner

1  possible—that is, discovery through a single deposition that leaves Plaintiff bearing most of the
2  financial burden of the discovery-related expenses involved.

3        Plaintiff seeks to minimize the burden on the Account Holder to comply with a deposition
4  subpoena. The deposition subpoena will not include any production of document requests. (Decl. of
5  Brett L. Gibbs, ¶ 12.) The deposition will take place within 100 miles of the Account Holder's
6  residence as indicated by the address received from Verizon Online. (*Id.*) Plaintiff will schedule for
7  the deposition at least 20 days forward from the date of the subpoena to allow the Account Holder
8  ample time to arrange for attendance. (*Id.*) Moreover, per Fed. R. Civ. P. 45(b)(1), Plaintiff will pay
9  the Account Holder's attendance fees and mileage as allowed by law. Rule 45 allows the Account
10 Holder to move this Court to quash or modify the subpoena without forcing him to litigate the merits
11 of Plaintiff's case. Fed. R. Civ. P. 45(c)(3)(A).

12       In contrast, naming the Account Holder as a defendant would impose a much greater burden
13 on him because he would be served with a complaint and forced to file an answer, appear and defend
14 himself in this Court. Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 20
15 days after being served with the summons and complaint.") Further, if the Account Holder is named
16 as a defendant, he is not entitled to the special consideration afforded to third parties. The Account
17 Holder would have to bear the burden of discovery costs, including the costs of the production of
18 documents and things. *See United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 372
19 (9th Cir. 1982).

20       Under Plaintiff's discovery request, the Account Holder will be afforded full notice and
21 opportunity to appear and challenge any undue burden he believes the subpoena imposes upon him.
22 The Account Holder will be served with the subpoena personally under Fed. R. Civ. P. 45(b)(1). The
23 Account Holder may then assert any undue burden, privacy, and privilege objections he may have
24 (as permitted under Fed. R. Civ. P. 45(3)(A)) and then move this Court to modify or quash the
25 subpoena. The Account Holder may move for a protective order under Fed. R. Civ. P. 26(c).

26       Because Plaintiff's request for discovery is reasonable under the circumstances, because it is
27 reasonably calculated to lead to the discovery of infringer's identity, and because Plaintiff will

28

conduct this discovery in a manner that avoids placing undue burden on the Account Holder, the Court should authorize Plaintiff to issue a deposition subpoena to the Account Holder.

### CONCLUSION

Plaintiff requests this Court to authorize a deposition subpoena that will aid Plaintiff in determining the true identity of the person who distributed Plaintiff's video without Plaintiff's authorization. Plaintiff seeks this Court's permission to issue one single subpoena directed to the Account Holder associated with the IP address from which Plaintiff's copyrighted videos were distributed. Plaintiff has good cause for taking this discovery prior to a Rule 26(f) conference: there are no parties with whom Plaintiff may confer, Plaintiff has exhausted all other discovery options available to it and further limited discovery from the Account Holder is the only way Plaintiff can discover the true identity of the person who infringed on its copyright. Plaintiff's proposed subpoena is reasonably calculated to lead to the discovery of the infringer's identity and Plaintiff intends to execute the subpoena in a manner that avoids placing undue burden or expense on the Account Holder. If not for the Account Holder's actions to evade meeting and conferring with Plaintiff, this request would not be necessary.

Respectfully Submitted,

MILLENNIUM TGA, INC.

**DATED: January 30, 2012**

By: ____/s/ Brett L. Gibbs, Esq._____

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 30, 2012, all individuals of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 135.

/s Brett Gibbs