1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MILLENNIUM TGA, INC.,

11          Plaintiff,              No. 2:11-cv-03080 MCE KJN

12      v.

13   JOHN DOE,

14          Defendant.              ORDER
    _____/

15

16          Plaintiff Millennium TGA, Inc. ("plaintiff") previously filed an ex parte

17   application for leave to take expedited discovery on January 6, 2012.  (App. for Expedited

18   Discovery, Dkt. No. 7.)  That application was denied on January 23, 2012.  (Order, Dkt. No. 8.)

19          Presently before the court is plaintiff's *amended* ex parte application for leave to

20   take expedited discovery, which plaintiff filed on January 30, 2012.  (Amended App. for

21   Expedited Discovery, Dkt. No. 9.)  As with its original ex parte application, plaintiff did not

22   notice its amended ex parte application for hearing.  The undersigned concludes that oral

23   argument would not be of material assistance in resolving the amended application.

24   ////

25   ////

26   ////

1

1    Accordingly, the application will be decided on the papers submitted.[1]

2    Through plaintiff's application for expedited discovery, plaintiff again seeks

3    permission to serve a discovery subpoena upon a third party named Joe Vasquez ("Mr. Vasquez"

4    or "the account holder"), who is the "account holder associated with" the Internet Protocol ("IP")

5    address "71.246.59.242," which was allegedly used in connection with infringement upon

6    plaintiff's copyrighted adult video entitled *Ladyboy - Ladyboy - Kae* ("Video").  Although

7    plaintiff alleges that Mr. Vasquez  is the "holder" of the account allegedly used to infringe upon

8    plaintiff's copywritten Video, plaintiff has not formally named Mr. Vasquez as a defendant in

9    this action because "the relationship between an account holder and infringer can be imperfect."

10   (Complaint, ("Compl."), Dkt. No. 2 ¶ 1; App. for Expedited Discovery at 9; Amended App. for

11   Expedited Discovery at 9.)  Instead, plaintiff requests expedited discovery (in the form of

12   deposing Mr. Vasquez as a third party), purportedly to obtain the identities of the defendant(s)

13   alleged to have used Mr. Vasquez's account associated with IP address "71.246.59.242" to

14   infringe on plaintiff's rights in regards to the Video.  (Amended App. for Expedited Discovery at

15   5; App. for Expedited Discovery at 5; see also Compl. ¶¶ 1-4, 19-37.)

16   The undersigned has considered plaintiff's amended application and, for the

17   reasons discussed below, the undersigned denies plaintiff's amended ex parte application to

18   conduct limited early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1).

19   I.    BACKGROUND

20   On November 21, 2011, plaintiff filed a complaint for copyright infringement and

21   civil conspiracy against John Doe, an unnamed defendant.[2]  (Compl. ¶ 1.)  Plaintiff is a producer

22

23   [1] This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

24

25   [2] The use of "Doe" defendants is generally disfavored.  Gillespie v. Civiletti, 629 F.2d 637,
     642 (9th Cir. 1980).  However, a plaintiff should be given an opportunity through discovery to
     identify such defendants where the identities of those defendants are not known prior to the filing

26   of a complaint, "unless it is clear that discovery would not uncover the identities, or that the

2

1  of adult entertainment content, and is alleged to be the exclusive holder of the relevant rights

2  with respect to the Video.  (Compl. ¶¶ 3-4.)  In the course of monitoring Internet-based

3  infringement of its copyrighted content, plaintiff's agents allegedly observed unlawful

4  reproduction and distribution of the Video occurring over a particular IP address via the Bit

5  Torrent file transfer protocol, the mechanics of which are further described in the Complaint.[3]

6  (Compl. ¶¶ 5, 14-18, 22-24.)  According to plaintiff, it has already determined that a person

7  named Joe Vasquez ("Mr. Vasquez") is the account holder of the IP address involved.

8  (Amended App. for Expedited Discovery at 5.)  According to plaintiff, Mr. Vasquez is the only

9  person "with information that can allow Plaintiff to identify the true infringer," yet Mr. Vasquez

10  has "merely ignored" all efforts to meet and confer regarding the true infringer's identity.  (Id. at

11  5; 9.)

12        As noted above, plaintiff previously filed an ex parte application for leave to take

13  _____

complaint would be dismissed on other grounds."  Id.

14
15  [3]  A magistrate judge in the Northern District of California summarized the BitTorrent
    protocol as follows:

16              In the BitTorrent vernacular, individual downloaders/distributors of
17        a particular file are called "peers."  The group of peers involved in
          downloading/distributing a particular file is called a "swarm."  A server
18        which stores a list of peers in a swarm is called a "tracker."  A computer
          program that implements the BitTorrent protocol is called a BitTorrent
          "client."
19
              The BitTorrent protocol operates as follows.  First, a user locates a
20        small "torrent" file.  This file contains information about the files to be
          shared and about the tracker, the computer that coordinates the file
21        distribution.  Second, the user loads the torrent file into a BitTorrent client,
          which automatically attempts to connect to the tracker listed in the torrent
22        file.  Third, the tracker responds with a list of peers and the BitTorrent client
          connects to those peers to begin downloading data from and distributing data
23        to the other peers in the swarm.  When the download is complete, the
          BitTorrent client continues distributing data to the peers in the swarm until
24        the user manually disconnects from the swarm or the BitTorrent client
          otherwise does the same.
25
26  Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404, at *1-2
    (N.D. Cal. May 31, 2011) (unpublished).

3

expedited discovery (App. for Expedited Discovery, Dkt. No. 7), and that application was denied on January 23, 2012.  (Order, Dkt. No. 8.)  The undersigned denied plaintiff's ex parte application because plaintiff had failed to demonstrate good cause for the expedited discovery plaintiff requested.  (Order at 3-8.)  The Order also separately raised the undersigned's concern about plaintiff's failure to provide a signed declaration supporting the many factual allegations made in the ex parte application.  (Id. at 8-9 ("The undersigned is also troubled by plaintiff's failure to substantiate certain claims made in its moving papers[,]" such as counsel's efforts to communicate with the account holder and counsel's representations about the scope of questions to be asked should the account holder be deposed.).)

Now, plaintiff again asks the court to authorize service of a third party deposition subpoena upon the account holder.  Plaintiff again states that, in some cases, an account holder may be able to offer a credible explanation for why he or she is not the infringer and may be able to identify the actual infringer, such as another household member or tenant.  (Amended App. for Expedited Discovery at 5; App. for Expedited Discovery at 5.)  Plaintiff again contends that it cannot proceed in the action without ascertaining the likely infringer's identity, and that Mr. Vasquez is the only person with information that can allow plaintiff to identify the actual infringer and permit service of process on that individual.  (Amended App. for Expedited Discovery at 5; App. for Expedited Discovery at 5.)

II.   DISCUSSION

Plaintiff's amended ex parte application raises the same legal arguments plaintiff raised in its original ex parte application.  (Compare Amended App. for Expedited Discovery with App. for Expedited Discovery (both arguing that "good cause" exists for expedited discovery, and that a deposition of the account holder would be minimally burdensome and reasonably calculated to lead to the discovery of the infringer's identity.)  The difference between the two applications is that the factual statements within the amended application are supported by a signed declaration from plaintiff's counsel.  (Declaration of Brett Gibbs ("Gibbs Decl."),

1   Dkt. No. 9-1 at 2-5.)  Attorney Gibbs attests to his firm's efforts to contact the account holder (id.

2   ¶¶ 2-8), as well as to his intent to depose the account holder by asking only limited questions

3   designed to reveal the "actual infringer" and to "minimize the burden" on the account holder (id.

4   ¶ 9-12).

5           While the undersigned appreciates plaintiff's renewed diligence in providing a

6   signed declaration to substantiate the factual representations within the moving papers, the

7   undersigned denies plaintiff's amended application.  Under the same legal analyses described in

8   the undersigned's Order of January 23, 2012, the entirety of which is incorporated by reference

9   here, plaintiff's amended application fails to show the existence of good cause[4] warranting the

10  use of expedited discovery.  (See Order, Dkt. No. 9 at 3-7 (applying the "good cause" analysis of

11  Semitool, Inc. v. Tokyo Electron. Am. Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002), discussing

12  authorities, including UMG Recordings, Inc. v. Doe, No. C–08-03999 RMW, 2008 WL

13  4104207, at *1-3 (N.D. Cal. Sept. 4, 2008 (unpublished); Arista Records LLC v. Does 1-43, No.

14  07cv2357-LAB (POR), 2007 WL 4538697, at *1-2 (S.D. Cal. Dec. 20, 2007) (unpublished).)

15  Likewise, plaintiff has not shown that "good cause" outweighs the likely prejudice[5] that would

16

17          [4]  District courts within the Ninth Circuit have permitted expedited discovery prior to the
18  Rule 26(f) conference upon a showing of "good cause."  E.g., In re Countrywide Fin. Corp.
    Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008) (citing Semitool, Inc. v. Tokyo
19  Electron Am., Inc., 208 F.R.D. 273 (N.D. Cal. 2002)); accord Am. LegalNet, Inc. v. Davis, 673 F.
    Supp. 2d 1063, 1066 (C.D. Cal. 2009).  "Good cause exists where the need for expedited discovery,
20  in consideration of the administration of justice, outweighs the prejudice to the responding party."
    In re Countrywide, 542 F. Supp. 2d at 1179 (citation and internal quotation marks omitted);
21  Semitool, Inc., 208 F.R.D. at 276.

22          [5]  As previously noted in the undersigned's Order of January 23, 2012, plaintiff considers the
    account holder to be a potential defendant who may be substituted for the "John Doe" defendant in
23  this case rather than a more typical "third party," such as an internet service provider.  (See Order
    at 7-8.)  According to plaintiff's original ex parte application, when plaintiff's counsel contacted Mr.
24  Vasquez, "Mr. Vasquez was entirely non-responsive," and ignored all of plaintiff's counsel's
    attempts to meet and confer informally regarding the identity of the alleged infringer.  (App. for
25  Expedited Discovery at 9.)  Also according to plaintiff, "[a]ll attempts at contacting Mr. Vasquez
    have failed.  While it appears clear that Mr. Vasquez still resides at his home address, he has clearly
26  chosen to ignore all telephone, email, and letter correspondence by Plaintiff."  (Id. at 5 n.1.)
    Plaintiff's original application also expressed plaintiff's belief that "Mr. Vasquez's evasive behavior

1   result from deposing the account holder.[6]  (See Order, Dkt. No. 8 at 5-8 (recognizing that courts

2   have granted expedited discovery in the form of limited *document requests* to obtain the name

3   and contact information of account holders, explaining that plaintiff already has this contact

4   information, and explaining that plaintiff's proposed *oral deposition* of the account holder is

5   much broader in that it seeks "facts about [the account holder's] involvement, if any, with the

6   unauthorized distribution of Plaintiff's video(s) via [the account holder's] IP address; to learn

7   about [the account holder's] computers and network setup; to assess [the account holder's]

8   technical savvy; and to identify any other persons who had access to [the account holder's]

9   computer and network" (citing App. for Expedited Discovery at 11)[7].)

10          The undersigned again finds that plaintiff has not shown that good cause exists for

11  the discovery requested.  In light of "the entirety of the record . . . and the reasonableness of the

12  request in light of all the surrounding circumstances," plaintiff has failed to demonstrate the

13  requisite good cause.  See Semitool, Inc., 208 F.R.D. at 275 (citation & quotation marks omitted)

14  (emphasis removed); Am. Legalnet, 673 F. Supp. 2d at 1067.  Again, assuming plaintiff has a

15  good faith basis for its claims, plaintiff can name the account holder as a defendant, serve him

16  with process, hold the Rule 26(f) conference, and conduct any discovery necessary.  Procedural

17  vehicles exist to later add and/or dismiss defendants based on additional facts discovered, if

18  necessary.

19  thus far does not reflect the actions of an entirely innocent third party."  (Id.)  Similarly, the
20  declaration supporting plaintiff's pending application states that deposing Mr. Vasquez would "allow
    Mr. Vasquez to explain, under oath, the facts that allow Plaintiff to dismiss him from consideration
21  as the John Doe infringer in this case."  (Gibbs Decl. ¶ 10.)

22      [6] While the discovery timing prescribed by Federal Rule of Civil Procedure 26(d) does not
    expressly focus on "prejudice" to unnamed potential defendants, the applicable "good cause"
23  analysis nonetheless requires the undersigned to examine the "entirety" of the record and the
    "reasonableness of the request in light of all the surrounding circumstances."  See Semitool, Inc., 208
24  F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); Am. Legalnet, 673 F. Supp.
    2d at 1067.
25

26      [7] The declaration in support of plaintiff's amended application again describes these as areas
    to be covered in an oral deposition of the account holder.  (Gibbs Decl. ¶ 10.)

III.     CONCLUSION

Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED that plaintiff's amended ex parte application for leave to take expedited discovery (Amended App. for Expedited Discovery, Dkt. No. 9) is DENIED.

IT IS SO ORDERED.

DATED:  March 20, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE